UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWAYNE J. ROBINSON,

        Plaintiff,

  v.

CITY OF FARMINGTON HILLS, a Michigan municipal corporation, d/b/a FARMINGTON HILLS POLICE DEPARTMENT, JEFF KING, in his individual and official capacity,

        Defendants.

Case No.
Hon.

_____/

Joel B. Sklar (P38338)
LAW OFFICES OF JOEL B. SKLAR
Attorney for Plaintiff
500 Griswold, Suite 2450
Detroit, MI 48226
313-963-4529 / 313-963-9310 (fax)
joel@joelbsklarlaw.com

_____/

## COMPLAINT AND JURY DEMAND

Plaintiff Dwayne J. Robinson, by and through his attorney, Joel B. Sklar, files this Complaint and Jury Demand and says:

1. Plaintiff Dwayne J. Robinson is a resident of Wayne County, Michigan and transacts business in Oakland County, Michigan which is located in this Judicial District.

2. Defendant City of Farmington Hills is a Michigan municipal corporation, which operates and does business as the Farmington Hills Police Department and is located in Oakland County, Michigan which is in this Judicial District.

3. Defendant Jeff King is the Chief of the Farmington Hills Police Department and resides and/or transacts business in Oakland County, Michigan, which is located in this Judicial District.

4. This Court has jurisdiction over this matter pursuant to 42 USC §2000e-5, 42 USC § 12112(a), 28 USC §§1331, 1343 and 1367.

5. Pursuant to 28 USC §1391, venue is proper in this Court as all the acts, transactions and events which give rise to this case all took place in this Judicial Circuit.

## COMMON ALLEGATIONS

6. Plaintiff Dwayne J. Robinson is an African-American man.

7. Plaintiff Dwayne J. Robinson began work for Defendant Farmington Hills Police Department in 2014 as a Police Officer.

8. During his employment with the Farmington Hills Police Department, Plaintiff applied for various positions for promotion, advancement and training but was repeatedly passed over for less qualified White employees including but not

limited to 2018 Field Training Officer, 2019 Tactical Entry Training and other opportunities for professional advancement described herein.

9.  During his employment, the Farmington Hills Police Department employed several African-American officers, none of whom received promotions to higher positions, or sought-after assignments, such as Detective, Traffic Enforcement, Task Force member, or special assignment positions despite applying and being as or more qualified for such positions and their white counterparts who received them.

10. At all times, Plaintiff performed his job in an exemplary manner.

11. In March 2020, Defendant King required Plaintiff to be "clean shaven" purportedly necessary to wear an N-95 respiratory mask to prevent the spread of COVID-19.

12. Plaintiff was unable to be "clean shaven" because of a dermatological condition and disability, known as pseudofolliculitis barbae, which afflicts African-American men, like Plaintiff.

13. Pseudofolliculitis barbae (PFB) is a common inflammatory condition caused by ingrown hairs in the beard area of African-American men who have tightly coiled hair.

14. PFB is exacerbated by shaving with a razor down to the skin.

3

15. In April 2020, Plaintiff provided Defendants with notice of his disability and suggested, as a reasonable accommodation, alternative personal protection equipment, shave his facial hair to 1/4 inch, and/or be assigned jobs which would allow him to perform his duties without interruption or loss in pay.

16. Defendant refused Plaintiff's reasonable request for an accommodation and placed him on sick leave, without pay.

17. White officers unable to work because of a disability or other limitation were provided alternate assignments (i.e., administrative jobs) while Plaintiff was not.

18. Plaintiff then filed the attached Charge of Discrimination. (**Exhibit A - Charge of Discrimination**)

19. Following his civil rights complaint, Plaintiff applied for and was denied training and promotional opportunities including 2020 SWAT Team training, 2020 Field Training Officer, School Liaison, Detective Unit, all of which were given to less qualified White employees.

20. On November 12, 2020, the Equal Employment Opportunity Commission (EEOC) issued Plaintiff a Right to Sue Letter. (**Exhibit B – Right to Sue Letter**)

## COUNT I

## VIOLATION OF TITLE VII-DISCRIMINATION BASED ON RACE

21. Plaintiff realleges paragraphs 1 through 18 word for word, paragraph for paragraph.

22. At all material times, Defendant City of Farmington Hills and its Police Department was/is an employer covered by and within the meaning of Title VII of the Civil Rights Act of 1964 (Title VII), as amended.

23. At all material times, Plaintiff was/is an "employee" as defined by the Civil Rights Act of 1964, since amended, being 42 USC § 2000e et seq.

24. Plaintiff was eligible for training opportunities and promotional advancement, was available and applied for such training opportunities and promotional advancement.

25. Defendant City of Farmington Hills and its Police Department denied Plaintiff, and other African-American officers, training opportunities that would advance their careers.

26. The positions for which Plaintiff applied were given to less qualified similarly situated white employees.

27. In fact, African-American officers are relegated to road patrol positions and not provided equal opportunities for training opportunities and career advancement.

28. Defendant City of Farmington Hills, its Police Department and Chief of Police treat similarly situated white employees differently and more favorably than African-American employees.

29. Plaintiff's race was a factor that made a difference in Defendants' decision to subject him to wrongful and discriminatory treatment, as described above.

30. Defendant City of Farmington Hills, its Police Department and Chief King, by their agents, representatives, and employees, were predisposed to discriminate on the basis of race and acted with that predisposition.

31. Defendant City of Farmington Hills, its Police Department and Chief King's actions were intentional, with reckless indifference to Plaintiff's rights and sensibilities.

32. If Plaintiff had been white, he would not have been treated in the manner described.

33. As a direct and proximate result of Defendants' collective and individual wrongful acts and omissions, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits, mental anguish, physical and emotional distress, humiliation, anger and embarrassment, loss of the enjoyments of life, and loss of professional reputation.

## COUNT II

## VIOLATION OF THE ADA- DISCRIMINATION BASED ON DISABILITY

34. Plaintiff re-alleges each of the above paragraphs word for word.

35. The Americans with Disabilities Act (ADA), being 24 USC 12112(a), prohibits discrimination against those with a "disability," as defined by the ADA.

36. Defendant City of Farmington Hills and its Police Department is an employer covered under the ADA.

37. Plaintiff is an employee covered under the ADA.

38. Plaintiff is/was an individual with a "disability" as defined by the ADA.

39. Plaintiff's employer had notice of his disability.

40. With reasonable accommodation, Plaintiff could perform the essential functions of the job at issue.

41. Defendant City of Farmington Hills and its Police Department has refused to make such reasonable accommodations.

42. A reasonable accommodation is one that enables a disabled employee to perform the essential functions on the job.

43. Plaintiff was otherwise qualified for the positions he applied for, with or without a reasonable accommodation.

44. Positions or assignments for which Plaintiff applied and was qualified were given to less qualified White employees who had no race-related disability like Plaintiff.

45. Plaintiff suffered an adverse employment action.

46. As a direct and proximate result of Defendant City of Farmington Hills and its Police Department's wrongful acts and omissions, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits, suffered mental anguish, physical and emotional distress, humiliation, anger and embarrassment, loss of the enjoyments of life, and loss of professional reputation.

## **COUNT III**

### **RETALIATION IN VIOLATION OF TITLE VII AND ADA**

47. Plaintiff re-alleges each of the above paragraphs word for word.

48. Plaintiff engaged in protected activity under Title VII and the ADA.

49. Defendant City of Farmington Hills and its Police Department knew of Plaintiff's protected activity.

50. Defendant City of Farmington Hills and its Police Department retaliated against Plaintiff because of his protected activity, to wit: Plaintiff was passed over for training opportunities and promotions for which he applied and was qualified based on his race and/or disability.

51. Defendant City of Farmington Hills and its Police Department's retaliatory acts would deter a person of ordinary firmness from reporting a civil rights violation.

52. As a direct and proximate result of Defendant City of Farmington Hills and its Police Department's wrongful acts and omissions, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits, has mental anguish, physical and emotional distress, humiliation, anger and embarrassment, loss of the enjoyments of life, and loss of professional reputation.

## COUNT IV

### RETALIATION IN VIOLATION OF PLAINTIFF'S FIRST AMENDMENT FREE SPEECH RIGHTS PURSUANT TO 42 USC §1983

53. Plaintiff re-alleges each of the above paragraphs word for word.

54. The *First Amendment* allows for free speech.

55. The *First Amendment* to the United States Constitution guarantees all citizens, including public employees, the right to free speech.

56. The operation of public government and compliance with civil rights laws is a matter of substantial public importance.

57. Defendant Police Chief Jeff King retaliated against Plaintiff because of his constitutionally protected activity.

58. Plaintiff's interest as a citizen speaking out on matters of public concern as described above outweighed the state's interest, as the employer, in promoting the efficiency of the public services it performs through its employees.

59. When Plaintiff spoke out about discrimination he did so as citizen commenting on matters of public concern.

60. Under *Monell,* Defendant municipality is responsible for the constitutional violations visited upon Plaintiff by the Chief King for:

   a. The unconstitutional policy to unlawfully discriminate and retaliate against Plaintiff because he exercised his free speech rights.

   b. Its failure to train or supervise Defendant King on his constitutional obligations.

   c. Its ratification of Defendant King's unconstitutional conduct as described herein.

   d. Its acquiescence in the above cited unconstitutional acts to which the County was deliberately indifferent.

61. As a direct and proximate result of Defendant King's wrongful acts and omissions, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and has suffered mental anguish, physical and emotional distress, humiliation, anger and embarrassment, loss of the enjoyments of life, and loss of professional reputation.

## COUNT V

## VIOLATION OF ELCRA-DISCRIMINATION BASED ON RACE

62. Plaintiff re-alleges each of the above paragraphs word for word.

63. Defendants City of Farmington Hills, its Police Department and Chief Jeff King are employers covered under the ELCRA, being MCL 37.2201, et seq.

64. Plaintiff is an employee under the ELCRA.

65. Plaintiff was eligible, qualified, and applied for the training and promotional opportunities described above.

66. Defendants City of Farmington Hills, its Police Department and Chief King denied Plaintiff, and other African-American officers, training opportunities that would advance their careers.

67. Defendants City of Farmington Hills, its Police Department and Chief King denied Plaintiff, and other African-American officers, promotion for which they applied and were qualified in favor of less qualified similarly situated White employees.

68. African-American officers are relegated to road patrol positions and not provided equal opportunities for career advancement.

69. Plaintiff's race was a factor that made a difference in Defendant City of Farmington Hills, its Department and Chief Jeff King's decision to subject him to wrongful and discriminatory treatment, as described herein.

70. Defendants City of Farmington Hills, its Police Department and Chief Jeff King, by its agents, representatives, and employees, were predisposed to discriminate on the basis of race and acted with that predisposition.

71. Defendants City of Farmington Hills, its Police Department, and Chief King's actions were intentional, with reckless indifference to Plaintiff's rights and sensibilities.

72. If Plaintiff had been white, he would not have been treated in the manner described.

73. As direct and proximate result of Defendants City of Farmington Hills, its Police Department and Chief King's wrongful acts and omissions, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits, mental anguish, physical and emotional distress, humiliation, anger and embarrassment, loss of the enjoyments of life, and loss of professional reputation.

## COUNT VI

## VIOLATION OF PWDCRA

74. Plaintiff re-alleges each of the above paragraphs word for word.

75. Defendants City of Farmington Hills, its Police Department and Chief King are employers covered under the PWDCRA, being MCL 37.2201, et seq.

76. Plaintiff is an employee covered under the PWDCRA.

77. Plaintiff is/was an individual with a "disability" as defined by the PWDCRA.

78. Plaintiff was otherwise qualified for the positions he applied for, with or without a reasonable accommodation.

79. Plaintiff was replaced by a less qualified white employee who had no disabilities.

80. Plaintiff suffered an adverse employment decision in that he was denied training opportunities and professional advancement because of his protected activity.

81. Plaintiff suffered an adverse employment action.

82. As direct and proximate result of Defendants City of Farmington Hills, its Police Department and Chief King's wrongful acts and omissions, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits, suffered mental anguish, physical and emotional distress, humiliation, anger and embarrassment, loss of the enjoyments of life, and loss of professional reputation.

## COUNT VII

### RETALIATION IN VIOLATION OF ELCRA AND PWCRA

83. Plaintiff re-alleges each of the above paragraphs word for word.

84. Plaintiff engaged in protected activity under Title VII and the ADA.

85. Defendants City of Farmington Hills, its Police Department and Chief King knew of Plaintiff's protected activity.

86. Defendants City of Farmington Hills, its Police Department and Chief King retaliated against Plaintiff because of his protected activity, to wit: Plaintiff was passed over for training opportunities and promotions for which he applied and was qualified.

87. As direct and proximate result of Defendants City of Farmington Hills, its Police Department and Chief King's wrongful acts and omissions, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits, mental anguish, physical and emotional distress, humiliation, anger and embarrassment, loss of the enjoyments of life, and loss of professional reputation.

## **RELIEF REQUESTED**

**PLAINTIFF REQUESTS** that this Court enter judgment against Defendants as follows:

1. *Legal relief*
    a. a judgment for lost wages and benefits, past and future, in whatever amount he is found to be entitled;
    b. compensatory damages in whatever amount he is found to be entitled;
    c. punitive and exemplary damages commensurate with the wrong and Defendants' ability to pay; and
    d. an award of interest, costs and attorney fees as provided in the above referenced statutes and their counter-parts.

2. *Equitable relief*

   a. an order reinstating Plaintiff to the position he would have held if there had been no discrimination and retaliation by Defendants;

   b. an injunction prohibiting any further acts of retaliation or discrimination;

   c. an award of interest, costs, and reasonable fees; and

   d. whatever other equitable relief appears appropriate at the time of trial.

Respectfully submitted,

*s/ Joel B. Sklar*
Joel B. Sklar (P38338)
500 Griswold, Suite 2450
Detroit, MI 48226
313-963-4529
Attorney for Plaintiff

Dated: January 22, 2021    Joel@joelbsklarlaw.com

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial of this cause of action.

Respectfully submitted,

*s/ Joel B. Sklar*
Joel B. Sklar (P38338)
500 Griswold, Suite 2450
Detroit, MI 48226
313-963-4529
Attorney for Plaintiff

Dated: January 22, 2021    Joel@joelbsklarlaw.com